UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,

v.

                                        Case No. 08-11862

WEIDMAN, MEYHOFER, SMITH,
TIPTON, BABCOCK, R. HUGHES,
BONNON, D. HUGHES, DAVIS, WINN,
ALEXANDER, STEVESON, BIRKETT,
TIM BLAIN, ANDY CHARBONNEAU,
STEVE BELLOWS, STACY KOCOT, and
RICHARD COLAMARINO,

                                        Honorable Patrick J. Duggan

    Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 4, 2009.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Joel Carter ("Plaintiff"), a state prisoner, filed this civil action against defendants pursuant to 42 U.S.C. § 1983 on May 1, 2008. In his complaint, Plaintiff alleges that defendants violated his constitutional right to be free from cruel and unusual punishment and excessive force, denied him a protected liberty interest without due process of law, conducted an illegal search, committed an assault and battery under Michigan law, and engaged in a conspiracy to deny him his constitutional rights. On September 8, 2008, this

Court referred all pre-trial matters in this case to Magistrate Judge Mona K. Majzoub. On December 17, 2008, defendants Weidman, Smith, Tipton, Babcock, R. Hughes, Bonnon, D. Hughes, Alexander, and Birkett filed a motion for summary judgment.[1] Plaintiff filed his response along with a motion for partial summary judgment on January 5, 2009.

On March 3, 2009, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") recommending that this Court grant the motion for summary judgment by the above named defendants. Plaintiff filed objections to the R&R on March 19, 2009.

## I. Standard of Review

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

## II. Objections to the R&R

Plaintiff submitted nine objections, each of which refers to a particular section or paragraph of Magistrate Judge Majzoub's R&R. The Court will address each objection in turn.

### A. Eighth Amendment Deliberate Indifference to a Serious Medical Need

---

[1] Defendant Alexander is a registered nurse at the prison where the incidents giving rise to this litigation took place. Defendant Birkett is the Warden at that prison. The other named defendants making the motion for summary judgment are correctional officers at the prison.

Plaintiff argues that the R&R erroneously concluded that there is no genuine issue of material fact as to his claim that the defendants were deliberately indifferent to his serious medical need. Specifically, Plaintiff asserts that subjecting an individual with multiple sclerosis ("MS") to top of bed ("TOB") restraints for a period of 30 hours creates an obvious risk of harm, that he presented evidence that his MS symptoms were aggravated during the period of restraint, that he is required only to prove that defendants failed to act in the face of a risk of harm, and that the deliberate indifference standard does not require proof of any particular degree of risk. Defendant's arguments lack merit.

Pursuant to the deliberate indifference standard:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In this case, Plaintiff's claim fails because there is no evidence to suggest that defendants consciously disregarded an excessive or substantial risk of serious harm. And while a culpable state of mind may be inferred "from the fact that the risk of harm is obvious," *Hope v. Pelzer*, 536 U.S. 730, 738 (2002), Plaintiff exaggerates the obviousness of the risk in this case.

In response to misconduct by Plaintiff and other prisoners on September 4, 2006, Warden Birkett authorized Plaintiff's placement in TOB restraints. Medical personnel were present when Plaintiff was secured in the restraints and gave no indication that such confinement posed serious risk to Plaintiff on account of his MS. A registered nurse

3

checked the restraints once Plaintiff was secure and conducted regular examinations throughout Plaintiff's confinement. Such precautions are simply not consistent with the "culpable state of mind" required by the deliberate indifference standard. *See Farmer*, 511 U.S. at 834. Therefore, the Court accepts Magistrate Judge Majzoub's recommendation on this claim.

**B.  Cruel and Unusual Punishment and Excessive Force**

Plaintiff objects that Magistrate Judge Majzoub improperly analyzed his cruel and unusual punishment claim at the same time as his excessive force claim. Plaintiff clarifies that his cruel and unusual punishment claim involves his placement in TOB restraints for 30 hours and is governed by the deliberate indifference standard while his excessive force claim concerns the bending of his fingers, arm, and wrist and is analyzed under the "excessive force" standard. Plaintiff does not elaborate on the content or application of those standards to his claims.

The paragraph in the R&R to which this objection refers merely presents a brief recitation of relevant legal issues without offering a recommendation regarding the appropriate resolution of Plaintiff's claims. The R&R goes on to present more detailed analysis of Plaintiff's claims and the legal standards relevant to his factual allegations. Reviewing the R&R in its totality, the Court is satisfied that Plaintiff's claims received appropriate analysis.

**C. Initial Decision to Place Plaintiff on TOB Restraint**

Plaintiff objects to Magistrate Judge Majzoub's conclusion that the initial decision to place him in TOB restraints did not violate his right to be free from cruel and unusual

4

punishment under the Eighth Amendment.  Plaintiff argues that unrest in his prison unit did not justify his placement in TOB restraints and that, at the time the TOB restraints were applied, he was sleeping in his locked cell, not causing any disturbances.  Plaintiff asserts that the punitive use of restraints was disproportionate to his offense of covering his window for ten minutes more than two hours before the restraints were applied and that making threats against prison staff does not justify the use of restraints.  Finally, Plaintiff claims that Magistrate Judge Majzoub made inappropriate factual determinations and improperly resolved issues of fact.

As the R&R correctly explained, Plaintiff faces a high burden of proof to succeed on his cruel and unusual punishment claim.  The Supreme Court has explained that "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ."  *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084 (1986).  Furthermore, "Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 1878 (1979).  This deference "does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice." *Whitley*, 475 U.S. at 322, 106 S. Ct. at 1085.  Therefore, "[u]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury."

5

*Id.*

In light of these standards, the Court agrees with Magistrate Judge Majzoub's analysis. On September 4, 2006, prisoners in Plaintiff's unit were being disruptive and three received "incite to riot" misconduct reports. Although Plaintiff's participation may not have been as extreme as that of other prisoners, he admits to covering his window, refusing to take down the covering when so ordered, and waiting until Sergeant Weidman--a female officer--came to his window to remove the covering and expose himself to her. Defendants feared widespread unrest as a result of the disruptive inmates and sought approval from Warden Birkett to restrain them. Given the discretion that is to be accorded to prison administrators making use of "prophylactic or preventive measures intended to reduce the incidence of . . . breaches of prison discipline," *id.*, the Court concludes that defendants' are entitled to summary judgment insofar as Plaintiff's claim rests on the initial decision to place him in TOB restraints.

**D. Application of TOB Restraints**

Plaintiff's excessive force claim involves the alleged conduct of various defendants during Plaintiff's cell extraction and placement in TOB restraints. Plaintiff maintains that, despite his compliance with the orders of the emergency response team, the officers slammed his face on the concrete floor, cutting open his chin; rammed his head into the concrete bed slab in his cell; bent his arm, wrist, and fingers; and allowed the handcuffs to cut his wrist to the bone, resulting in severed nerves. Magistrate Judge Majzoub correctly concluded, however, that the video of Plaintiff being placed in TOB restraints fails to support Plaintiff's claims of excessive force and injury. Furthermore, "[t]he infliction of

6

pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Id.*, 475 U.S. at 319, 106 S. Ct. At 1084. Although the Court must view the facts in the light most favorable to Plaintiff in deciding defendants' motion for summary judgment, there are no "genuine" issues as to Plaintiff's excessive force claim given the video footage that is a part of the record in this case. *See Scott v. Harris*, 550 U.S. 372, 380 127 S. Ct. 1769, 1776 (2007).

**E. Maintenance of the Restraints**

Plaintiff objects to Magistrate Judge Majzoub's conclusion that Plaintiff's placement in TOB restraints for 30 hours did not violate the Cruel and Unusual Punishments Clause. Plaintiff asserts that the injury from restraint for such a duration is obvious and that defendants' disregarded his serious medical needs during the restraint. The Court disagrees.

As noted by the R&R, the period of Plaintiff's restraint included regular medical checks, bathroom breaks, and offerings of food and water. Such conduct by defendants' fails to "support a reliable inference of wantonness in the infliction of pain . . . ." (R&R at 10.) Additionally, the cases cited by Plaintiff in making this objection are not factually similar enough to support his position. Indeed, a review of the relevant case law suggests that the use of TOB restraints has been deemed acceptable by the Sixth Circuit.[2] *See*

---

[2] In a prior objection Plaintiff cites a case from the Western District of Michigan, which indicates that the punitive use of TOB restraints is always unconstitutional. *See Hadix v.*

7

*Hartsfield v. Vidor*, 199 F.3d 305, 306, 309-310 (6th Cir. 1999) (concluding that TOB restraint for eight-hour periods on two separate days did not constitute cruel and unusual punishment even where the plaintiff may have been denied access to a toilet, allowed to sit in his own urine, and denied water); *see also Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir. 1999) (restricting prisoners to handcuffs and leg shackles for a 24-hour period is not cruel and unusual where the prisoners are regularly checked by guards and nurses, provided food and water, and have access to bedding and a bathroom). Therefore defendants are entitled to summary judgment on Plaintiff's cruel and unusual punishment claim.

**F. Due Process**

Plaintiff asserts that the R&R incorrectly concludes that the Due Process Clause "affords [Plaintiff] no greater protection than does the Cruel and Unusual Punishments Clause." (R&R at 10-11 (*quoting Whitley*, 475 U.S. at 327, 106 S. Ct. at 1088).) Plaintiff claims that he has a protected liberty interest in not being confined to TOB restraints until a finding of guilt. The cases cited by Plaintiff in support of this argument, however, discuss liberty interests created by state law and are not relevant to his situation. Therefore, the Court accepts Magistrate Judge Majzoub's recommendation regarding Plaintiff's due process claim.

---

*Caruso*, 461 F. Supp. 2d 574 (W.D. Mich. 2006). On appeal, however, the Sixth Circuit remanded the case and explicitly declined to address the constitutional ruling by the district court. *Hadix v. Caruso*, 248 Fed. Appx. 678, 682 (6th Cir. 2007). Given the prior holding in *Hartsfield v. Vidor*, 199 F.3d 305, 306, 309-10 (6th Cir. 1999), the Court concludes that it is not *per se* unconstitutional to use TOB restraints for punitive purposes.

**G. Illegal Search and Seizure**

Plaintiff claims that defendants strip searched him in front of numerous officers, some female, and other inmates in order to humiliate him. The R&R recommends dismissal of this claim on grounds that the video of the incident "blatantly contradicts" Plaintiff's assertions. (R&R at 11.) Plaintiff argues that the video does support his claim, that defendants should have used a "strip cage" to avoid causing embarrassment, and that the defendants acted with malicious motives in conducting the search.

Having reviewed the video, the Court agrees with Plaintiff that he was subjected to a brief strip search when one of the correctional officers looked under his shorts while pulling down on the waistband. As a legal matter, however, the officer's conduct does not amount to a constitutional violation. Noting that a "detention facility is a unique place fraught with serious security dangers," the Supreme Court has held that it is reasonable to conduct "visual body-cavity searches" on less than probable cause in the context of a prison. *Bell*, 441 U.S. at 560, 99 S. Ct. at 1885. Such searches, however, must still be conducted in a reasonable manner. *Id.* In this case, Plaintiff's clothes were never fully removed and his private areas were only briefly exposed while he lay on the ground, surrounded by emergency response team officers. Under the circumstances, the search cannot be said to have been unreasonable.

**H. State Law Claims**

Because she recommended dismissal of all of Plaintiff's federal claims, Magistrate Judge Majzoub recommended that the Court dismiss Plaintiff's state law claims without prejudice so those claims could be pursued in state court. Plaintiff's objection to this

9

recommendation is based on his assertion that genuine issues of material fact remain as to his federal claims. Because the Court is accepting Magistrate Judge Majzoub's recommendation to dismiss Plaintiff's federal claims, the Court will also dismiss Plaintiff's state law claims without prejudice.

**I. Plaintiff's Motion for Partial Summary Judgment**

With his response to defendants' motion for summary judgment, Plaintiff filed his own motion for partial summary judgment. In the motion, Plaintiff requests summary judgment on a claim that the unsanitary conditions of his confinement violated his constitutional rights. Specifically, Plaintiff complains that he was not provided timely access to bathroom facilities while on TOB restraint. Plaintiff asserts that MS adversely affects his ability to control his bladder and that he needed breaks more often than every two-hours. Plaintiff objects that the R&R did not address his motion.

Although the R&R did not specifically refer to Plaintiff's motion, it addressed and rejected the factual basis of Plaintiff's claim. (R&R at 10.) Upon review, the Court agrees with Magistrate Judge Majzoub's analysis and denies Plaintiff's motion for partial summary judgment.

Accordingly,

**IT IS ORDERED** that defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

            s/PATRICK J. DUGGAN
            UNITED STATES DISTRICT JUDGE

Copies to:

Joel Carter
#410324
Marquette Branch Prison
1960 U.S. Hwy 41 South
Marquette, Michigan 49855

Clifton F. Schneider, Esq.