UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

       Plaintiff,

                                     Case No. 08-11862

v.

                                     Honorable Patrick J. Duggan

WEIDMAN, MEYHOFER, SMITH,
TIPTON, BABCOCK, R. HUGHES,
BONNON, D. HUGHES, DAVIS, WINN,
ALEXANDER, STEVESON, BIRKETT,
TIM BLAIN, ANDY CHARBONNEAU,
STEVE BELLOWS, STACY KOCOT, and
RICHARD COLAMARINO,

       Defendants.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 14, 2010.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

Joel Carter ("Plaintiff"), a state prisoner, filed this civil action against defendants pursuant to 42 U.S.C. § 1983 on May 1, 2008. In his complaint, Plaintiff alleges that defendants violated his constitutional right to be free from cruel and unusual punishment and excessive force, denied him a protected liberty interest without due process of law, conducted an illegal search, committed an assault and battery under Michigan law, and engaged in a conspiracy to deny him his constitutional rights. On September 8, 2008, this Court referred

all pre-trial matters in this case to Magistrate Judge Mona K. Majzoub.  On May 4, 2009, the

Court granted a motion for summary judgment filed by defendants Weidman, Smith, Tipton,

Babcock, R. Hughes, Bonnon, D. Hughes, Alexander, and Birkett.  On June 22, 2009, the

Court dismissed defendant Davis based Plaintiff's failure to properly identify the defendant

in time for service of process.

In June 23, 2009, the remaining defendants—Meyhofer, Winn, Steveson, Tim Blain,

Andy Charbonneau, Steve Bellows, Stacy Kocot, and Richard Colamarino—filed a motion

for summary judgment.  On August 7, 2009, Plaintiff responded to the motion and filed a

motion for partial summary judgment.[1]  The defendants replied on August 11, 2009.  On

November 16, 2009, Magistrate Judge Majzoub filed a Report and Recommendation (R&R)

recommending that this Court grant defendants' motion for summary judgment and deny

Plaintiff's motion for partial summary judgment.  At the conclusion of the R&R, Magistrate

Judge Majzoub advises the parties that they may object to and seek review of the R&R

within ten days of service upon them.[2]  (R&R at 10.)  She further specifically advises the

parties that "[f]ailure to file specific objections constitutes a waiver of any further right of

appeal."  (*Id.*)  Neither party filed objections to the R&R.  The Court has carefully reviewed

the R&R and concurs with the conclusions reached by Magistrate Judge Majzoub.

In a separate matter presently before the Court, Plaintiff filed a motion for copies of his

---

[1]On November 16, 2009, Magistrate Judge Majzoub issued an opinion and order granting a motion previously filed by Plaintiff to extend the time for him to file his response to the motion for summary judgment, making Plaintiff's August 7, 2009, response timely.

[2]Since the issuance of Magistrate Judge Majzoub's R&R, the time for objecting to R&Rs has been extended to 14 days.  Fed. R. Civ. P. 72(b)(2).  Both the 10 and 14 day periods for objection have expired in this case.

objections to Magistrate Judge Majzoub's March 3, 2009, R&R.  In that R&R, Magistrate Judge Majzoub recommended that the Court grant the prior motion for summary judgment from defendants Weidman, Smith, Tipton, Babcock, R. Hughes, Bonnon, D. Hughes, Alexander, and Birkett.  Plaintiff requested a copy of his objections to facilitate his appeal to the Sixth Circuit regarding the granting of that motion.  Plaintiff filed his notice of appeal on that issue on May 26, 2009.  On June 22, 2009, however, the Sixth Circuit dismissed Plaintiff's appeal as an impermissible appeal of an interlocutory order.  On November 16, 2009, Magistrate Judge Majzoub denied Plaintiff's motion for copies on grounds that the appeal had been dismissed.  On December 3, 2009, Plaintiff filed an objection to Magistrate Judge Majzoub's order.

With the granting of the motion for summary judgment from the remaining defendants—as discussed above—the Court will be issuing a final judgment of dismissal in this case.  Upon issuance of the judgment, the case will be appealable to the Sixth Circuit.  Under these circumstances, the Court sees no reason to deny Plaintiff a copy of his prior objections and require him to return to this Court yet again should he decide to pursue an appeal in the Sixth Circuit.

Accordingly,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for copies of his objections to

the March 3, 2009, R&R is **GRANTED**.[3]

A judgment consistent with this opinion shall issue.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Joel Carter
#410324
Ionia Maximum Correctional Facility

1576 W. Bluewater Highway
Ionia, MI 48846

Clifton F. Schneider, Esq.

---

[3]A copy of the objections is being forwarded to Plaintiff along with this opinion.